UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-12958-RWZ

SECURITIES AND EXCHANGE COMMISSION

v.

ERIC J. McPHAIL, *et al.*

Memorandum and Order

September 30, 2015

ZOBEL, D.J.

The Securities and Exchange Commission ("SEC") has sued six defendants who
shared tips and traded stock on inside information concerning American
Superconductor Corporation ("AMSC"). Two, Eric McPhail and Douglas Parigian, have
moved to dismiss the SEC's complaint for failure to state a claim (Docket # 15 and
#23). For the reasons discussed below, these motions are denied.

I.   **Background**

The defendants are social acquaintances with a love of golfing. The SEC,
believing that the defendants shared tips for more than just golf, has alleged that they
committed securities fraud in violation of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5
between July 2009 and April 2011. Specifically, the SEC's complaint states that the
defendants routinely traded AMSC stock based on inside information tipped to them by
McPhail. McPhail's friendship with an AMSC executive led him to learn, among other

things, of the company's quarterly earnings and trouble with major customers well before that information became public. McPhail tipped this information to his co-defendants, who traded on it to some success and earned collectively several hundred thousand dollars.

Four defendants—John Gilmartin, Douglas Clapp, John Drohen, and James Drohen—consented to judgment against them concurrently with the filing of this action in July of 2014. Defendants McPhail and Parigian, however, have moved to dismiss the complaint, making arguments predicated upon its sufficiency and the Second Circuit's recent decision in United States v. Newman, 773 F.3d 438 (2d Cir. 2014), a case that also concerns insider trading but has no relevance here.[1]

In a parallel criminal proceeding stemming from the conduct at issue here, the presiding judge denied McPhail and Parigian's motions to dismiss the indictments against them. Immediately following that decision, Parigian pleaded guilty to the securities fraud charges without waiving his right to appeal. McPhail went to trial and a jury convicted him of securities fraud. Both defendants have since appealed those criminal convictions.

## II.  Analysis

The final judgments in the parallel criminal proceeding preclude relitigation of the issues raised by McPhail and Parigian's motions to dismiss. As the preclusive effect of those criminal judgments is dispositive, the court need not and does not consider the substantive arguments in defendants' motions to dismiss.

---

[1]Newman stemmed from a criminal prosecution based on a distinct theory of insider trading liability, and its holdings concern issues not present in this case.

2

Defendants do not dispute the law concerning issue preclusion. Parties may not relitigate a legal or factual issue when "(1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment." Latin Am. Music Co. v. Media Power Grp., Inc., 705 F.3d 34, 42 (1st Cir. 2013) (internal quotation omitted). It is likewise well established that criminal convictions preclude parties from "raising issues in a civil case already decided" by those convictions. Glantz v. United States, 837 F.2d 23, 25 (1st Cir. 1988); see also SEC v. Credit Bancorp., Ltd., 738 F. Supp. 2d 376, 395 (S.D.N.Y. 2010) ("Courts regularly find that, where the criminal action supercedes the resolution of the SEC's enforcement action, a defendant is collaterally estopped from relitigating issues in the civil forum.").

Here, final judgments adverse to McPhail and Parigian issued in a thoroughly litigated criminal case charging them with violations of 15 U.S.C. § 78j(b) and Rule 10b-5. This precludes McPhail and Parigian from contesting the sufficiency of the SEC's civil allegations, which concern violations of the same statute and regulation, in this proceeding. First, McPhail and Parigian's motions to dismiss raise issues—whether the theory of liability in the SEC's complaint adequately states a violation of Section 78j(b) and Rule 10b-5—identical to those decided in their criminal case. Second, McPhail and Parigian actually litigated those issues in the criminal case, having briefed and argued motions to dismiss before Parigian pleaded guilty and McPhail was convicted following a jury trial. Third, final judgments against both McPhail and Parigian, which both defendants have appealed, have issued in the parallel criminal case. Fourth

3

Case 1:14-cv-12958-RWZ   Document 56   Filed 09/30/15   Page 4 of 4

and finally, ruling on the theory of criminal liability under which the Government

charged McPhail and Parigian, materially identical the SEC's theory of liability in this

case, was plainly necessary both to the disposition of their motions to dismiss and to

the entry of final judgments against them.

## III.  Conclusion

Defendant McPhail and Defendant Parigian's Motions to Dismiss (Docket # 15

and Docket # 23) are DENIED.

___September 30, 2015____
DATE

_____/s/Rya W. Zobel_____
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

4